\*\*\*   NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER   \*\*\*

**Electronically Filed
Supreme Court
SCWC-13-0003479
04-MAR-2016
11:51 AM**

SCWC-13-0003479

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

_____

STATE OF HAWAI'I,
Respondent/Plaintiff-Appellee,

vs.

RICHARD C. REILLY,
Petitioner/Defendant-Appellant.

_____

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-13-0003479; CASE NO. 1DTA-13-00739)

SUMMARY DISPOSITION ORDER
(By: McKenna, Pollack, and Wilson, JJ.,
with Wilson, J., concurring separately,
and Nakayama, J., dissenting,
with whom Recktenwald, C.J., joins)

Petitioner/Defendant-Appellant Richard C. Reilly seeks

review of the Intermediate Court of Appeals' (ICA) June 4, 2015

Judgment on Appeal, entered pursuant to its May 4, 2015 Summary

Disposition Order, which affirmed the District Court of the

First Circuit's (district court) Notice of Entry of Judgment

and/or Order and Plea/Judgment entered on August 20, 2013.[1]  The
district court found Reilly guilty of Operating a Vehicle Under
the Influence of an Intoxicant (OVUII), in violation of Hawai'i
Revised Statutes (HRS) § 291E-61(a)(4) (Supp. 2012).[2]  We
accepted Reilly's Application for Writ of Certiorari, and we now
vacate the ICA's Judgment on Appeal and the district court's
Judgment and remand the case to the district court for further
proceedings.

After being arrested for OVUII, Reilly was read an
implied consent form.[3]  Reilly elected to take a blood test,

---

[1]     The Honorable David W. Lo presided.

[2]     HRS § 291E-61(a)(4) provides in relevant part:

(a)   A person commits the offense of operating a vehicle
under the influence of an intoxicant if the person operates
or assumes actual physical control of a vehicle:

. . .

    (4)   With .08 or more grams of alcohol per one
hundred milliliters or cubic centimeters of blood. . . .

[3]     The form, titled "Use of Intoxicants While Operating a Vehicle
Implied Consent for Testing," stated in relevant part:

1. ____   Any person who operates a vehicle upon a public
way, street, road, or highway or on or in the waters of the
State shall be deemed to have given consent to a test or
tests for the purpose of determining alcohol concentration
or drug content of the persons [sic] breath, blood, or
urine as applicable.

2. ___   You are not entitled to an attorney before you
submit to any tests or tests to determine your alcohol
and/or drug content.

3. ___   You may refuse to submit to a breath or blood test,
or both for the purpose of determining alcohol
concentration and/or blood or urine test, or both for the
purpose of determining drug content, none shall be given,

which resulted in a blood alcohol content reading of 0.10 grams of alcohol per 100 milliliters or cubic centimeters of blood. In his motion to suppress the blood test results before the district court and on certiorari, Reilly contends, inter alia, that the blood test results were obtained based on his involuntary consent in violation of the Fourth Amendment of the United States Constitution and Article I, Section 7 of the Hawai'i Constitution.

In State v. Won, 136 Hawai'i 292, 312, 361 P.3d 1195, 1215 (2015), we held that "coercion engendered by the Implied Consent Form runs afoul of the constitutional mandate that waiver of a constitutional right may only be the result of a free and unconstrained choice," and, thus, a defendant's decision to submit to testing after being read the implied consent form "is invalid as a waiver of his right not to be searched." In accordance with Won, the result of Reilly's blood test was the product of a warrantless search, and the ICA erred in concluding that Reilly's Fourth Amendment rights were not violated. Accordingly, Reilly's OVUII conviction cannot be upheld.

---

except as provided in section 291E-21. However, if you refuse to submit to a breath, blood, or urine test, you shall be subject to up to thirty days imprisonment and/or fine up to $1,000 or the sanctions of 291E-65, if applicable. In addition, you shall also be subject to the procedures and sanctions under chapter 291E, part III.

IT IS HEREBY ORDERED that the ICA's June 4, 2015 Judgment on Appeal and the district court's Judgment are vacated, and the case is remanded to the district court for further proceedings consistent with this court's opinion in Won.

DATED: Honolulu, Hawai'i, March 4, 2016.

| | |
|---|---|
| Jonathan Burge<br>for petitioner | /s/ Sabrina S. McKenna |
| | /s/ Richard W. Pollack |
| Brian R. Vincent<br>For respondent | /s/ Michael D. Wilson |
| Robert T. Nakatsuji<br>For *amicus curiae*<br>Attorney General of the<br>State of Hawai'i | |

